UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19cr279-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CONSENT ORDER FOR |
| v. | ) | THIRD PARTY PETITION |
| | ) | |
| (1) ELIZABETH ROBIN WILLIAMS, a/k/a | ) | |
| LIZ WILLIAMS. | ) | |

**THIS MATTER** is before the Court on a Motion for Consent Order for Third Party
Petition, with consent of the United States of America and Claimant MidFirst Bank ("Petitioner"),
through counsel, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2. (#138). The
Government and Petitioner have consented to this Order as a final adjudication and settlement of
all matters in regard to the following property ("the Property") identified in the Consent Order and
Judgment of Forfeiture (Doc. 129):

> **The real property at 1006 Lightwood Drive, Matthews, North Carolina, more
> particularly described in a Quitclaim Deed dated July 24, 2017 from Elizabeth
> Williams to Ava Rae Williams and recorded on May 3, 2018 in the Mecklenburg
> County Register of Deeds at Deed Book 32653, Pages 518-520.**

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS
FOLLOWS:**

1.      On or about December 4, 1997, Petitioner provided a loan in an original principal
amount of $107,669.00, advanced on behalf of Borrowers Elizabeth R. Williams and Raymond J.
Sheehy, for the Property. Petitioner secured that loan via a Deed of Trust on the Property. Petitioner
is the first lienholder on the property.

2.      On September 16, 2021, Petitioner filed a Claim formally asserting an interest, by
virtue of the loan, in the Property. (Doc. 136). Petitioner has provided documentation and asserted
that, as of the date of the Claim, it was owed a balance due in the amount of $52,773.20 in unpaid

principal, interest, escrow advances and other related charges, and that interest and fees continue to accrue on the Property.[1]  (The sum of these amounts, calculated based on the terms of the Note as of the date of eventual anticipated sale of the Property by the Government, is hereafter referred to as "the Amount Due"). The parties have negotiated this Consent Order to resolve any and all purported interest by Petitioner to the Property.

2.      The parties stipulate that Defendant has or had possessory interest in the Property that is subject to forfeiture under the applicable statute, except that Petitioner's interest is recognized as identified herein. The parties also stipulate that any violations of applicable criminal statutes involving the Property occurred without the knowledge and consent of Petitioner.

3.      The Government agrees to sell the Property in a reasonably prompt manner and, upon sale of the Property pay the Amount Due out of the Net Sale Proceeds to Petitioner. For purposes of this Consent Order, "Net Sale Proceeds" shall include all proceeds remaining after the Government has paid all costs of the sale of the Property. In no case shall the payment of the Amount Due to Petitioner exceed the Net Sale Proceeds of the Property. Petitioner consents to final forfeiture of the Property and agrees to execute all necessary paperwork in order to facilitate sale of the Property.

4.      This Consent Order shall be in full settlement and satisfaction of all claims by Petitioner to the Property, all claims between Petitioner and the Government arising from any loan or note, the indebtedness for which is secured by the Property, and all claims against the United States resulting from the incidents or circumstances giving rise to this case.

---

[1] Petitioner agrees to maintain insurance on the Property until either (1) the Property is sold or (2) the Government advises that the Property is otherwise insured. The Government, in turn, agrees to use Net Sale Proceeds to compensate Petitioner for maintaining such insurance up to and including the date of sale of the Property.

5.      The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action to the Property and agree that this Consent Order for Third Party Claim shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action to the Property and all claims between Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Property.

6.      Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

IT IS THEREFORE ORDERED THAT:

1.      Based upon the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n), this Court hereby grants the Claim and orders the Government to, upon sale of the Property, pay the Amount Due to Petitioner.

2.      Each party shall be responsible for its own costs and attorney's fees.

Signed: October 28, 2021

Max O. Cogburn Jr.
United States District Judge

ON MOTION OF AND BY CONSENT OF THE PARTIES:

**WILLIAM T. STETZER**
**ACTING UNITED STATES ATTORNEY**

_____          Dated: <u>September     , 2021</u>
Benjamin Bain-Creed
Assistant United States Attorney
FL Bar 21436

**CLAIMANT MIDFIRST BANK**

_____          Dated: <u>September     , 2021</u>
Grady I. Ingle, Esq.
Attorney for MidFirst BAnk