IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO.: 3:19cr279-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| **ELIZABETH ROBIN WILLIAMS,** ) | |
| a/k/a LIZ WILLIAMS. ) | |

**THIS MATTER** is before the Court on the Government's Motion, (Doc. No. 141), requesting that the Court enter a Final Order and Judgment confirming forfeiture of the real property at 1006 Lightwood Drive, Matthews, North Carolina identified in the Consent Order and Judgment of Forfeiture, (Doc. No. 129), pursuant to Federal Rule of Criminal Procedure 32.2(c)(2). For good cause shown and based on the law identified herein, the Court will grant the motion. In support of granting the motion, this Court finds as follows:

I. BACKGROUND

On May 7, 2020, Defendant pled guilty via Plea Agreement to Counts One (wire fraud scheme), Six (interstate transportation of stolen property), and Nine (money laundering conspiracy) in the Indictment against her. (Doc. No. 50). In this Plea Agreement, Defendant agreed to the forfeiture of the money judgment and the Matthews Property. On August 18, 2021, this Court issued a Consent Order and Judgment of Forfeiture for the Matthews Property and a money judgment in the amount of $274,266. (Doc. No. 129).

From August 24, 2021 through September 22, 2021, the United States published, via www.forfeiture.gov, notice of this forfeiture and of the intent of the Government to dispose of the forfeited property according to law, and further notice to all third parties of their rights to petition

the Court within sixty days from August 24, 2021, for a hearing to adjudicate the validity of any alleged legal interest in the property. (Doc. No. 137). In addition, on August 24, 2021 the Government sent direct notice via Federal Express to Ava Rae Williams, daughter of the Defendant; MidFirst Bank and Secretary of HUD, lienholders; and Benjamin L. Worley, counsel for victim's family. The notice advised the parties of the Government's intent to dispose of the forfeited property in accordance with the law and the right to submit a verified claim to this Court within thirty days of the receipt of this notice. (Doc. No. 132).

On September 16, 2021, MidFirst Bank filed a Notice of Claim for the Matthews Property. (Doc. No. 136). On August 16, 2021, the United States filed a Motion for Consent Order for Third Party Petition. (Doc. No. 138). On October 28, 2021, this Court issued a Consent Order Third Party Petition adjudicating petitioner MidFirst Bank's interest in the Matthews Property. (Doc. No. 140). The time for filing petitions has expired and no petitioners, other than MidFirst Bank, have filed petitions for the Matthews Property.

## II. DISCUSSION

Pursuant to Rule 32.2(c)(2), "[w]hen the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." *See Dillon v. United States*, No. 3:13-CR-295-K(5). 2018 WL 3820228, at *2 (N.D. Tex. Aug. 9, 2018) ("The Court later entered a final order of forfeiture—under Rule 32.2(c)—because a third party had asserted some interest in the property that Dillon had forfeited."); *United States v. Moser*, 586 F.3d 1089, 1095 (8th Cir. 2009) (noting that "the Government does not possess clear title to the seized property until after the conclusion of § 853(n) proceedings").

Other than MidFirst Bank, no individuals or entities have filed petitions and the time for doing so has expired. Therefore, the Court may appropriately grant the Final Order and give the

Government clear title to the Property for disposition in accordance with law. Thus, in accordance with Rule 32.2(c)(2), this Court may now issue a Final Order.

### III.     ORDER

**IT IS, THEFORE, ORDERED THAT:**

In accordance with Rule 32.2(c)(2), the Consent Order and Judgment of Forfeiture is confirmed as final as to the following property:

> **The real property at 1006 Lightwood Drive, Matthews, North Carolina, more particularly described in a Quitclaim Deed dated July 24, 2017 from Elizabeth Williams to Ava Rae Williams and recorded on May 3, 2018 in the Mecklenburg County Register of Deeds at Deed Book 32653, Pages 518-520.**

All right, title, and interest in the property, whether real, personal, or mixed, has therefore been forfeited to the United States for disposition according to law, subject to the Consent Order for Third Party Petition adjudicating MidFirst Bank's interest.

Signed: December 1, 2021

Max O. Cogburn Jr
United States District Judge