UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cr-279-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **ELIZABETH ROBIN WILLIAMS,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Modification of Restitution Payments, (Doc. No. 148). The Government has filed a response brief. (Doc. No. 149).

### I. BACKGROUND

The Court sentenced Defendant on August 18, 2021, to 63 months' imprisonment for wire fraud conspiracy, interstate transportation of stolen property, and money laundering conspiracy. She was also ordered to pay an assessment of $300.00 and restitution of $298,407.85. To date, the Defendant has paid $202,204.17 toward her special assessment and restitution. The balance remaining on the restitution debt is $3,862.98, taking into account payments made by her co-defendants.

Defendant filed the pending letter motion on October 24, 2022, requesting that the Court reduce her IFRP payments to $25.00 per quarter because there are no jobs in the facility that pay $50.00 per month. She also claims that "the judgment stated I shall pay $50.00 a month starting 60 days after my release," and "the court did not recommend that I participate in the Financial Responsibility Program." (Doc. No. 148).

1

## II. DISCUSSION

Defendant's motion is denied. As an initial matter, the Court did not defer Defendant's payment of restitution and fees during her incarceration. Defendant's judgment specifically states that payment is "to begin immediately" and that "[u]nless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment" (Doc. No. 130 at p. 7). It further states that "[i]n the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, payments shall be made in equal monthly installments of $50.00 to commence 60 days after release from imprisonment to a term of supervision." (Id.). The Court indisputably ordered Defendant to begin paying her criminal monetary penalties during her term of incarceration.

Regardless, Defendant's motion is procedurally improper because she has not first exhausted her administrative remedies. Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. See United States v. Boulware, No. 1-09-CR-55, 2016 WL 4418239, at *1 (W.D.N.C. Aug. 17, 2016) (citing McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999)). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. Id. Thus, the Court will deny the Defendant's motion to reduce IFRP payments.[1]

---

[1] The Government notes in its response that, given Defendant's financial circumstances, the amount she has paid to restitution, and the small remaining balance, the Government does not have any objection to her payments being decreased to $25/quarter. The Government asserts that it will send a letter to her BOP counselor to that effect.

**IT IS THEREFORE ORDERED** that Defendant's pro se Motion for Modification of Restitution Payments, (Doc. No. 148), is **DENIED**.

Signed: November 18, 2022

Max O. Cogburn Jr
United States District Judge