UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-279-MOC-DCK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ELIZABETH ROBIN WILLIAMS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se motion for a reduced sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). (Doc. No. 162). The Government opposes Defendant's motion. (Doc. No. 165). Also pending is the Government's Motion for Extension of Time to File Response. (Doc. No. 164). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny Defendant's motion.

**I.      Background**

Between 2015 and 2020, Defendant and two associates defrauded an elderly widow with dementia and other and physical and mental challenges of more than $400,000. (Doc. No. 80 ¶ 12). Defendant and her associates used false statements, misrepresentations, and half-truths to deceive and manipulate her victim, and she isolated her victim from her friends and family before emptying her victim's bank accounts and transferring other assets to themselves. (Id.).

A federal grand jury indicted Defendant, charging her with wire-fraud, aggravated-identity-theft, transportation-of-stolen-goods, and money-laundering offenses. (Doc. No. 3). Defendant entered into a plea agreement with the United States and pleaded guilty to wire-fraud-conspiracy, interstate-transportation-of-stolen-property, and money-laundering offenses. (Doc.

1

No. 50 ¶ 1; Doc. No. 54).

This Court's probation office submitted a presentence report and calculated a total offense level of 25. (Doc. No. 80 ¶ 82). The probation office also found that Defendant's offense "resulted in substantial financial hardship to one or more victims," warranting a two-offense-level increase under Sentencing Guidelines § 2B1.1(b)(2)(A)(iii). (Id. ¶ 66). The probation office assigned Defendant zero criminal history points and found that the Sentencing Guidelines advised a sentence of between 57 and 71 months in prison based on a total offense level of 25 and a criminal history category of I. (Id. ¶¶ 110, 143). This Court adopted the presentence report and sentenced Defendant to 63 months, in the middle of the advisory guideline range. (Doc. No. 130 at 2). Defendant now asks this Court to reduce her sentence based on Amendment 821 to the Sentencing Guidelines.

## II. Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) she received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) she used violence or credible threats of violence in connection with her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) she personally

2

Case 3:19-cr-00279-MOC-DCK   Document 166   Filed 02/12/24   Page 2 of 5

caused substantial financial hardship; (6) she possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) she received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) she was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) she received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) she was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

When determining whether the defendant's offense caused "substantial financial hardship," § 4C1.1 directs a court to consider the factors described in the commentary to Sentencing Guidelines § 2B1.1. These factors, which support a two-offense-level increase under subsection (b)(2)(A)(iii) of § 2B1.1, include whether the offense resulted in the defendant's (1) becoming insolvent; (2) filing for bankruptcy; (3) suffering substantial loss of a retirement, education, or other savings or investment fund; (4) making substantial changes to his employment, such as postponing retirement; (5) making substantial changes to his living arrangements, such as relocating to a less expensive home; and (6) suffering substantial harm to his ability to obtain credit. U.S.S.G. § 2B1.1 cmt. n.4(F).

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §

1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III. Analysis

Defendant is not eligible for a reduction in her sentence under Amendment 821. Defendant received zero criminal history points, but she is not eligible for a reduction in her sentence because this Court has already found that Defendant caused her victim substantial financial hardship. The facts of Defendant's offense conduct fully support that finding. And § 4C1.1(a)(6) excludes any defendant who caused substantial financial hardship from benefiting from the two-offense-level decrease she would otherwise receive. The Court will therefore deny Defendant's motion.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion for a reduced sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), (Doc. No. 162), is **DENIED**.

The Government's Motion for Extension of Time to File Response, (Doc. No. 164), is

**GRANTED** nunc pro tunc.

Signed: February 12, 2024

Max O. Cogburn Jr
United States District Judge